MARK J. ROMEO (Bar # 112002)
LAW OFFICES OF MARK J. ROMEO
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile: (415) 288 9755
romeolaw@msn.com

CURTIS F. DOWLING (Bar # 188091)
DOWLING & MARQUEZ, LLP
703 Market Street, Suite 1600
San Francisco, CA 94103
Telephone: (415) 977-0444
Facsimile: (415) 977-0156

Attorneys for Paul Boschetti

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DANIEL EVERETT aka DANNY EVERETT aka DANI EVERETT aka DAN EVERETT aka D. EVERETT aka DANIEL O'B,<br><br>　　　　　　Debtor. | Bk. No. 13-32111 HLB<br>Chapter 13<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR DAMAGES**<br><br>Date:　July 23, 2014<br>Time:　9:40 a.m.<br>Court:　Judge Blumenstiel<br>　　　　US Bankruptcy Court<br>　　　　235 Pine St., 23d Fl.<br>　　　　San Francisco CA 94104 |

**1.　　Introduction**

Creditor Paul Boschetti ("Boschetti") obtained an in rem order (the "In Rem Order") to complete an eviction proceeding for residential property located at 261 Pierce Street # 5, San Francisco CA 94117 (the "Premises"), pursuant to a Stipulation for Entry of Judgement (the "Stipulation") in the case of Paul Boschetti v. Daniel O'Blenis, et al. No. CUD 12-642905 (the "Eviction Action"). The In Rem Order was entered in this case on October 15, 2013, the second

of four bankruptcy actions filed by the debtor between August 19, 2013 and November 16, 2013; two in this court and one each in Puerto Rico and the US Virgin Islands. All actions were filed to stall a routine non-payment of rent eviction for the Premises, an apartment in San Francisco. No debt relief has been pursued in any of the four cases.

In June 2014, Debtor reopened this case to bring this Motion for Damages for violation of the automatic stay in this case. This motion, or some form of it, has been docketed at least three times in this case. This opposition goes to the motion docketed at #60 and noticed for hearing on the above date.

There are two bases for the motion. The first is that by paying the filing fee due from Debtor in the Eviction Action, so that the Stipulation could be entered and a judgement rendered on it, Boschetti violated the automatic stay by exercising dominion and control over an asset of the bankruptcy estate. Second, Debtor claims that because Boschetti liquidated the claim for rental value as provided in the Stipulation for Entry of Judgement, he exceeded the scope of the In Rem Order and violated the stay.

The motion should be denied because Debtor's filing fee debt to the state court is not property of the Debtor or the estate under 11 U.S.C. § 541; and further, that Boschetti expressly disclosed this action in his moving papers before the In Rem Order was entered. The other ground should be denied because the In Rem Order provided that Boschetti could complete the Eviction Action–which was based on the Stipulation for Entry of Judgement-- which was expressly disclosed to the Court on both stay motions; such that the judgement did not exceed any imagined limitation. The motion should also be denied based on lack of admissible evidence supporting either liability or damages.

**2.     Relevant Facts**

The court should be familiar with the background of this and a related case, In Re Daniel Everett, etc. N.D. Cal. No. 13-31855, (the "First Bankruptcy Case"). The First Bankruptcy Case was filed under Chapter 7 of the Code when Boschetti's counsel in the Eviction Action attempted to enter a judgement pursuant to the Stipulation. In the First Bankruptcy Case, Boschetti moved for relief from stay. In support of that motion, Curtis

Dowling, the eviction lawyer for Boschetti, declared in part:

> 14. Due to these multiple filings, Movant's counsel has made five attempts **to enter the stipulated judgement in state court**, and been frustrated every time. Movant has wasted tens of thousands of dollars in unnecessary legal expenses and costs.

(Declaration of Curtis Dowling in Support of Motion, [hereafter "Dowling Ch.7", Request for Judicial Notice, No. A, Exhibit A, ¶ 14)(emphasis added). The Stipulation itself was submitted without objection to the Court in support of the stay motion in the First Bankruptcy Case. (Request for Judicial Notice No. B, Exhibit B). (The Stipulation is also Exhibit 2 to the present motion). In the Stipulation, dated December 4, 2012, Debtor and Boschetti negotiated a conditional settlement of the Eviction Action whereby he stipulated to unlawful detainer damages of $11,837.00, payment of attorneys fees, a payment schedule for paying the damages and ongoing rental value; and to a judgement for possession of the Premises. Movant agreed to leave Debtor in possession of the Premises conditioned on this performance. (Dowling Ch7, ¶ 6 and Motion for Damages, Exhibit 2, Sec. 5, 8). Movant and Debtor provided that Movant could enter Judgement on the Stipulation and recover possession by ex parte application for entry of judgement, in the event of breach. (Dowling Ch7, ¶ 6; Motion for Damages, Exhibit 2, 4:17-22). Boschetti's stay motion was granted by order entered in the First Bankruptcy Case on September 17, 2013. (Motion for Damages, Exhibit 5).

While the First Bankruptcy Case was still pending, Debtor filed the present proceeding on September 23, 2013 (the "Second Bankruptcy Case"). Boschetti then moved for <u>in rem</u> relief in this Second Bankruptcy Case. In the Motion, Mr. Dowling submitted his Declaration, which stated in part:

> 16. After the Order of this Court of September 17, 2013 was entered, I again notified Debtor that we would be appearing in the Superior Court on **an <u>ex parte</u> application for entry of judgement**, which appearance was set for September 23, 2013 in Department 501 of the Superior Court.
>
> 17. There was a hearing on the morning of September 23, 2013, in Department 501 of the Superior Court. Debtor appeared at the hearing and spent about 30 minutes disputing the application on its merits. When it appeared that the Court was not convinced by his arguments, he produced a copy of a newly-filed bankruptcy petition which had been filed in this Court at 10:52 a.m., in the instant case.
>
> 18. Due to these multiple filings, Movant's counsel in the Eviction

Action **has now made six attempts to enter the stipulated judgement in state court**; had to seek remand from Federal Court three times, twice in this state and once in the Western District of Washington; had to seek and obtain relief in this Court in the First Bankruptcy Case, and still been frustrated in his attempts, since February, 2013, **to complete a simple application for a stipulated judgement**. Movant has wasted tens of thousands of dollars in unnecessary legal expenses and costs.

(Request for Judicial Notice C, Exhibit C) [hereafter "Dowling Ch13"] (emphasis added). In the stay motion in the Second Bankruptcy Case, Debtor objected then, as he does now, to the payment by the landlord plaintiff of his filing fees in the Eviction Action in order to have the Stipulation entered along with entry of a judgement. In reply to this objection, Boschetti filed Mr. Dowling's Reply Declaration, which stated in pertinent part:

> In the Eviction Action, debtor filed an application to proceed in forma pauperis at the time he filed an answer to the complaint. The application was denied. As Debtor has previously shown the Court in Case No. 13-31855 (Docket # 12, p. 27), upon Debtor's failure to pay the filing fees, all pleadings signed by him were stricken. A true and correct copy of the Superior Court's order is attached hereto as Motion Exhibit 13.
>
> 3. Before the six attempts **to enforce the Stipulation for Judgment, we have applied to pay the first appearance fees for the Debtor as part of the relief**. It is not unusual in landlord tenant cases for the plaintiff landlord to pay fees for the defendant tenant, just to get a stipulation for judgement entered; since a non-paying tenant could delay the process even more by not paying such fees.

(Request for Judicial Notice D [hereafter "Dowling Reply"], ¶¶ 2-3]; and E (Superior Court Order Striking Defendants Pleadings for Non-Payment of Fees)(emphasis added). In the Second Bankruptcy Case, the Court granted Boschetti's Motion in rem by Order dated October 15, 2013 (the "In Rem Order"). (Request for Judicial Notice F, Exhibit F). Per the Code, the In Rem Order was recorded on October 16, 2013. (Id.).

The In Rem Order provided in part:

> IT IS HEREBY ORDERED that the automatic stay presently in effect in this case as to Creditor Paul Boschetti and assigns (Movant") for the purpose of completing an eviction proceeding for residential property located at **261 Pierce Street # 5, San Francisco CA 94117** (the "Property"), and recovering possession of the same from the Debtor and any and all co-debtors; and disposing of any abandoned personal property according to state law procedures.

(Id.). After entry and recordation of the In Rem Order, Boschetti made an application to the Superior Court in the Eviction Action to pay the filing fee and to enter the Judgement pursuant to the Stipulation on October 18, 2013. The Superior Court actually signed the Judgement and

released it to Mr. Dowling that day without payment of the filing fee for Debtor. (Declaration of Curtis F. Dowling In Opposition to Motion for Damages, [hereafter "Dowling Decl."], ¶¶ 1-2, 4-5; and Request For Judicial Notice I, Exhibit I; Motion for Damages, Exhibits 7 and 8). Mr. Dowling then secured a writ of possession[1] and scheduled an eviction with the San Francisco Sheriff on November 6, 2013. (Dowling Decl., ¶ 3 and Exhibit H), in order to "complete the eviction proceeding" as prayed for in the motions in both the First and the Second Bankruptcy Cases. Boschetti did not pay the filing fee prior to the dismissal of this case. It was not payed until five days later. (Dowling Decl. ¶¶ 4-6 and Request for Judicial Notice I, Exhibit I).

Before the eviction could take place, it was delayed again, because Debtor filed a third bankruptcy case on November 6, 2012 in the District of Puerto Rico, Under Chapter 7 of the Bankruptcy Code (the "Third Bankruptcy Case"). In the Petition in the Third Bankruptcy Case, Debtor verified that his residence was "1 San Geronimo St., San Juan Puerto Rico 00901." (Request for Judicial Notice L, Exhibit L, pp. 1-2). With the filing of the Third Bankruptcy case, the eviction was postponed.

After the Third Bankruptcy Case was dismissed by the Court in Puerto Rico, Boschetti rescheduled the eviction with the Sheriff. In response, Debtor filed a new petition under Chapter 7 of the Code in the District of the US Virgin Islands, on November 19, 2013 (the "Fourth Bankruptcy Case"). (Request for Judicial Notice M, Exhibit M). In that petition, Debtor verified under penalty of perjury that his residence was "7338 Estate Bakkeroe, Saint Thomas, St. Thomas US Virgin Islands 00801." (Id., pp. 1-2). Notwithstanding the filing of the Fourth Bankruptcy Case, the eviction was completed because there was no stay in effect under 11 U.S.C. § 362(b)(22) and § 362(c)(4)(A)(i). [2]

---

[1] The writ of possession only enforced the possession part of the Stipulated Judgement. There was no enforcement of any monetized claims contained in the Judgement.

[2] Section 362(b)(22) states that the filing of a petition does not operate as a stay as to a residential landlord with an unlawful detainer judgement for the premises. Section 362(c)(4)(A)(i) states:

(4) (A) (i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) [11 USCS § 707(b)], the stay under subsection (a) shall not go into effect upon the filing of the later case.

### 3. Payment of Superior Court Filing Fees

In his Motion for Damages, Debtor claims that seeking an order allowing the payment of his filing fees owing the Superior Court exceeded the scope of the In Rem Order. He admits the enforecability of the Stipulation:

> The stay was lifted to enforce a settlement agreement that was presented to the bankruptcy court in Creditor's motion for Relief From Automatic Stay.

(Motion for Damages, 7:25-28; see also Id., 4;23-24 ("the thereafter enforceable stipulated judgement"). He reminds the court that in the hearing for the In Rem Order, he contested paying the filing fee. (Motion for Damages, 4:10-14). Debtor complains that paying the filing fee was "Creditor's action to exercise control over Debtor's filing fee debt" so that he "was forced to defend against an unlawful detainer action that could not have proceeded but for the payment of the filing fee." (Motion for Damages, 5:3-6).

In seeking the In Rem Order, Boschetti also detailed his intent to pay such filing fees, to avoid the unlawful detainer defendant from indefinitely postponing entry of the Stipulation and its enforcement. (Dowling 3, ¶¶ 2-3). Thus, Debtor's contention (Motion for Damages, 12:10-13) that paying the filing fees was not requested in the Stay Motion is untrue. It is also untrue that the filing fee was even paid while this case was pending, so there is no causal connection between the alleged violation and the entry of the judgement for possession. (Dowling Decl. ¶¶ 4-6 and Exhibit I).

In any event, "Debtor's filing fee debt" is not property of the Debtor nor property of the bankruptcy estate. Property of the estate is defined under 11 U.S.C. § 541. The automatic stay only protects against exercising dominion or control over property of the debtor or the estate. (11 U.S.C. § 363(a)(2) and (3)). Debtor does not even cite Section 541, much less discuss it in his motion.

Under the Code, the filing fee debt is a "claim" or a "debt" (11 U.S.C. §§ 101(5) and (12). Claims and debts are not estate property. Paying a debt or claim does no harm to the estate, since it only reduces liability. Debts and claims are also generally freely assignable, so

that one to whom a "debt" or "claim" is owed, may transfer dominion and control to someone else without harming to the Debtor or the estate.

Debtor cites (or mis-cites) [3] In re Wardrobe 559 F3 932 (9th Cir. 2009) to claim that the Superior Court's filing fee order violated the scope of the In Rem order. Wardrobe holds that an order for relief from an automatic stay to allow a creditor to proceed to judgment in a pending state court action is effective as to those claims actually pending in the state court at the time of the stay proceedings, or that were expressly brought to the attention of the bankruptcy court during the stay proceedings. (Id. 559 F3 at 937; Bel-Bel International Corp. v. Community Bank of Homestead 162 F.3 1101, 1109 (11th Cir. 1998)).

In this case, the In Rem Order did not limit what actions could be taken to enforce the Stipulation. It did not provide that only some parts of it could be enforced. The payment of the filing fee was expressly brought to the court's attention before the Order issued. Therefore, there was no prohibition against paying the fees when Boschetti was allowed relief for "completing an eviction proceeding." (Request for Judicial Notice F, Exhibit F). Since the payment of the filing fees could not, even the absence of a relief from stay order, have violated 11 U.S.C. § 362(a), this claim must fail since the filing fee debt is not property.

### 4. Scope of Judgement Did Not Exceed Relief

Debtor complains that enforcement of the Stipulation per its terms violated the scope of the In Rem Order. He claims that the liquidation of damages in the Stipulation is at variance with the Relief From Stay Cover Sheet on the stay motion in the Second Bankruptcy Case that said no monetary claim was asserted on the motion. He then claims that the entire judgement in the Eviction Action is void, including the award of possession, and requests the Court to put him back into possession of the Premises.

Debtor cites expected authorities for the proposition that relief from stay orders are strictly construed. (See e.g. Noli v. Commissioner of Internal Revenue 860 F2 1521, 1525 (9th Cir 1988); Motion for Damages, 5:23-24; 6:5-6). While that principle obtains, strict

---

[3] Debtor cites Wardrobe as "2007 WL 7540982(9th Cir. BAP(Nev)."

construction of the In Rem Order does not yield the result Debtor seeks.

In both the First Bankruptcy Case and the Second Bankruptcy Case, Boschetti expressly advised the Court that he had made multiple attempts to enforce the Stipulation, which liquidates or provides a method for liquidating damages. The Stipulation was the sole and only basis for enforcing the plaintiff's rights in the Eviction Action. The motions in the cases before this Court did not seek any relief that was not in the Stipulation. The In Rem Order provided relief for "completing an eviction proceeding" without limitation as to whether the relief was limited in any way. Therefore, strictly construing the order cannot create any such limitation.

As shown previously, under Wardrobe, where all the claims subsequently asserted in state court were expressly disclosed to the bankruptcy court, the stay order is effective as "to those claims pending in the state court at the time the order modifying the stay issues or that were expressly brought to the attention of the Bankruptcy court" on the relief from stay motion. (Wardrobe, supra, 559 F3 at 937). Moreover, in Wardrobe, the order in question allowed the movant to litigate and proceed to judgement but also contained an express limitation that "creditor may not proceed to enforce that judgement against the Debtor, or property of the estate without further order of this court." (559 F3 at 933). Here, the In Rem Order had no limitations on enforcement of the Stipulation.

In Bel-Bel International Corp v Community Bank of Homestead, the Court held that a state court proceeding could proceed on all claims extant in it at the time of the order. The court noted that the "bankruptcy court's order granting relief from stay concluded, **without exception**, that Bel-Bel's suit..should proceed." (162 F3 at 1109) (emphasis added). There are no limitations or exceptions as to the completion of the Eviction Action here. These results are consistent with the notion that:

> An order which lifts the automatic stay returns the parties to the legal relationships that existed before the stay became operative. Whatever non-bankruptcy law governed the transactions and relationships of the parties prior to the application of the Bankruptcy Code is the law which control the conduct of the parties once the stay is lifted.

(In re Winslow 39 BR 869, 871 Bk. ND Ga. 1984).

Debtor's arguments based on Noli, supra, and Gruntz v. County of Los Angeles (In Re

Gruntz) 202 F3 1074, 1081-1082 (9th Cir. 2000) are not supported by the rationale of those cases. According to Gruntz, the interpretation and application of the stay and its scope are governed by considerations that by "halting collection efforts, the stay affords the debtor time to propose a reorganization plan or simply 'to be relieved of the financial pressures that drove him into bankruptcy.'" (Gruntz, supra, 202 F3 at 1081).

For honest debtors who are seeking relief for the Code's real purposes, the breadth of the stay makes sense and serves a legitimate purpose. In this, the second of four bankruptcy cases, all dismissed for failure to comply with court orders and directives, there is nothing to be redeemed by Debtor's parsing and impenetrable interpretation of the scope of the In Rem Order. Debtor conveniently overlooks the now unappealed In Rem Order's finding–that under 11 U.S.C.§ 362(d)(4), the filing itself was a scheme to hinder, delay and defraud Boschetti. Why should Debtor have the right to complain about a stay that was terminated, that this Court has already ruled was fraudulent? In not one of his four cases, has Debtor done the least thing to move them forward for the purpose of debt relief or other Code objectives. Furthermore, having himself admitted that the Stipulation is and was enforceable, Debtor has not addressed how or why this Court can or should justify voiding Boschetti's possession in returning Debtor to possession of the Premises.

But nothing belies Debtor's arguments on the scope of the In Rem Order in this motion so much as his actions taken after the judgement in the Eviction Action was entered. Instead of returning to this Court to contest Boschetti's actions, he correctly concluded there was a "scope problem" in the In Rem Order, which was that it only applied in this District. Knowing this, his next steps were to perjure himself by petitioning the bankruptcy Courts in Puerto Rico and the US Virgin Islands [4] for relief as a resident of those districts. (Exhibits L and M).

His claims now are also belied by his appeal of the issuance of the Order allowing Boschetti to pay his fees to the Superior Court. (Dowling Decl. ¶ 7 and Request for Judicial Notice J and K, Exhibits J and K).

---

[4] In the course of the Fourth Case, Boschetti's counsel learned the surprising fact that the Clerks Office for the US Virgin Islands Bankruptcy Court is physically in Delaware.

Finally, the present motion present the same and more factors that led to the In Rem Order in the first place. Debtor's misconduct in the federal courts has been repeatedly addressed by the District Court in his numerous frivolous filings there about his dispute with Boschetti. (Dowling Dec. ¶ 8 and Exhibits N, O, P and Q). In the most recent of these, Debtor's misconduct led Chief Judge Claudia WIlken to issue a specific clarification to her Pre-filing Order that removal of the landlord tenant dispute with Boschetti to federal court in this District, included the bankruptcy courts. Therefore, the present motion claiming contempt of court, is in fact filed in contempt of Judge Wilken's order.

Boschetti was express in moving for enforcement of the Stipulation for judgement and was granted leave to complete the eviction. There were no conditions nor limitations on the relief proposed or imposed. There was no violation of the automatic stay or the scope of the In Rem Order.

### 5. Where There is no Proof of Damage the Motion Fails

Although this motion has been filed at least three times in various forms, Debtor has yet to present competent evidence of any damages, or to even attempt to liquidate or quantify such damages.

Debtor purports to bring this motion under 11 U.S.C. §362(h)–it is assumed he meant 11 U.S.C. § 362(k) which provides for such motions. Motions under Section 362(k) allow an individual injured by a violation of the stay to recover damages, fees and costs. However, in this circuit, fees are only allowed for those incurred in enforcing the automatic stay. (Sternbrg v. Johnston 595 F3 937, 947-949 (9th Cir. 2009). They are not recoverable for prosecuting a motion or other proceeding for compensation.

In order to prevail on the motion, the moving party must prove 1) that a bankruptcy petition was filed, 2) that the debtor was an individual, 3) that the creditor knew of the petition 4) that the creditor's actions were in willful violation of the stay and 5) that the debtor suffered damages. (In re Bertucci 414 BR 604, 614 (Bk. ND Cal. 2008). A motion for damages can only award damages where these is some competent, admissible proof of damages. (In re Grewal 499 BR 736, 749, 751 (ND Cal 2013). Where there is no out of pocket loss or damage, as for

example, where the debtor as a tenant continues occupation without paying rent, there are no damages and no reason to sustain a motion. (Grewal, supra; In re Thompson-Mendez 321 BR 815, 820 (Bk D. Md. 2005)(non paying tenant has no damages); In re Price 179 BR 209213 (Bk. ED Cal. 1995).

On this motion, there is a complete void as to what the type, proof or amount of the damages sought. Debtor claims to have incurred legal expense–but not for enforcement or compliance with the stay but for "legal help in preparing my motions." (Motion for Damages, 13:16-17). That claim is not allowable under Sternberg, supra, even if such a claim were true. He further claims personal injury and income loss, but again, these are described so vaguely and without any codification or competent testify. No monetary claim asserted in the Eviction Action has ever been enforced against him under the Stipulated Judgement.

As discussed above, all elements of the motion under Bertucci and Grewal need to be shown by a preponderance of the evidence. The fifth essential element, damages, is missing completely. Nor should Debtor be allowed to repair this motion on reply, as there is no opportunity in this court's rules for Boschetti to respond.

### 6. Conclusion

Debtor's purpose in bringing this motion appears to be the use of this court as a court of appeal in the Eviction Action. Debtor has not articulated any argument that enforcement of the Stipulation–one he repeatedly concedes in his motion is enforceable–was improper. There were no limitations on the In Rem Order which allowed enforcement of the Stipulation and judgement. Finally, sustaining this motion serves no goal or purpose under the Code, which is the ultimate question. Since reopening this case, Debtor has not proceeded with it and he never will. He never intended to, in this or the other three cases he filed. This motion is actually filed in derogation of Judge Wilken's February 14, 2014 order, which in itself should cause a referral for contempt or other discipline under the rules governing professional conduct of the federal bar in this district, of which Debtor, regrettably, appears to be a member. The motion should be denied with prejudice and this case ordered closed.

DATED: July 9, 2014        LAW OFFICES OF MARK J. ROMEO

By /s/ *Mark J. Romeo*
MARK J. ROMEO

EXHIBIT LIST TO OPPOSITION TO MOTION AND REQUEST FOR JUDICIAL NOTICE

Exhibit A: Declaration of Curtis Dowling In Support of Motion for Termination of Stay, In re Daniel Everett, ND Cal No. 13-31855, filed August 23, 2013

Exhibit B: Stipulation for Settlement and Entry of Judgement, December 4, 2012 and Modification to Settlement, January 18, 2013, Paul Boschetti v. Daniel O'Blenis, et al. No. CUD 12-642905, which was submitted to the Court as **EXHIBIT 3** to Declaration of Curtis Dowling In Support of Motion for Termination of Stay, In re Daniel Everett,, ND Cal No. 13-31855, filed August 23, 2013

Exhibit C: Declaration of Curtis Dowling In Support of Motion for Termination of Stay, In re Daniel Everett, ND Cal No. 13-32111, filed September 25, 2013

Exhibit D: Reply Declaration of Curtis Dowling In Support of Motion for Termination of Stay, In re Daniel Everett, ND Cal No. 13-3211, filed October 11, 2013

Exhibit E: Exhibit 13 to Reply Declaration of Curtis Dowling In Support of Motion for Termination of Stay, In re Daniel Everett, ND Cal No. 13-32111, filed September 25, 2013, [Copy of Superior Court Order, January 2, 2013, Paul Boschetti v. Daniel O'Blenis, et al. No. CUD 12-642905 Striking Defendant's Pleadings for Non Payment of Fees]

Exhibit F: Certified and Recorded In Rem Order on Motion for Termination of Stay, In re Daniel Everett, ND Cal No. 13-32111, October 15, 2013

Exhibit G: Judgement, Paul Boschetti v. Daniel O'Blenis, et al. San Francisco Superior Court No. CUD 12-642905, October 18, 2013

Exhibit H: Sheriff's Notice to Landlord, Paul Boschetti v. Daniel O'Blenis, et al. San Francisco Superior Court No. CUD 12-642905, October 18, 2013

Exhibit I: Excerpt of Docket, Paul Boschetti v. Daniel O'Blenis, et al. San Francisco Superior Court No. CUD 12-642905, showing date of payment of filing fees

Exhibit J: Appeal of Order for payment of Filing Fees, Paul Boschetti v. Daniel O'Blenis, et al. San Francisco Superior Court No. CUD 12-642905, November 12, 2013

Exhibit K: Order Dismissing Appeal, Paul Boschetti v. Daniel O'Blenis, et al. San Francisco Superior Court No. CUD 12-642905, April 16, 2014

Exhibit L: Petition, In Re Daniel Everett, US Bankruptcy Court, D. Puerto Rico, No. 13-09272 filed November 6, 2013

Exhibit M: Petition, In Re Daniel Everett, US Bankruptcy Court, D. US Virgin Islands, No. 13-30015 filed November 19, 2013

Exhibit N: Order Remanding Case and for Sanctions, issued by Chief Judge Claudia Wilken, Paul Boschetti v. Daniel O'Blenis USDC, ND Cal. Nos. C 13-2706 and C 13-0628, entered August 13, 2013

Exhibit O: Order Denying IFP Application, issued by Chief Judge Claudia Wilken, Daniel Everett v. Victor Makras USDC, ND Cal. No. C 13-3693, entered August 14, 2013

Exhibit P: Order Remanding Case Pursuant to Pre-Filing Order, issued by Chief Judge Claudia

Wilken, <u>Paul Boschetti v. Daniel O'Blenis</u> USDC, ND Cal. Nos. C 13-mc-80170, entered August 20, 2013

<u>Exhibit Q</u>: Order Resolving Miscellaneous Motions, issued by Chief Judge Claudia Wilken, <u>Paul Boschetti v. Daniel O'Blenis</u> USDC, ND Cal. No. C 13-2706, entered February 14, 2014, **clarifying that Pre-Filing Order applies to US Bankruptcy Court**